By the Court, Cowen, J.
For the purpose of transmitting notice of protest, the Union Bank, though in fact a mere agent to collect, must be regarded as a principal. The legal interest in . the bill passing by endorsement to that bank, it must be considered the holder at the time when the bill was presented for payment ; and the notary must be considered, therefore, as servant *265 to that Bank. (Mead v. Engs, 5 Cowen, 303, 308. Scott v. Lifford, 9 East, 347.) (a) According to the last case cited, probably the same time would be allowable whether the Union Bank be regarded as a mere agent, or as principal. (And vide Haynes v. Birks, 3 Bos. & Pul. 599, 601.) (a)
But whether this is so or not, it was regular to mail the no* tice to the plaintiff, on the next day after presentment and protest. The holder is never required to mail notice to his endorser the very day on which default is made in payment. (Chit, m Bills, 513, Am. ed. of 1839, and the cases there cited.)
The next day, means the next business day. Here, the protest being on Saturday, the notice was properly mailed on the next Monday, leaving the intermediate Sunday out of the com-, putation. (Id. 519.) Haynes v. Birks, before cited, is in point. (Vide also Wright v. Shawcross, 2 Barn. & Ald. 501, note.) (b)
Mailing in season for either of the two mails on Monday was sufficient. It is urged, that the morning post was neglected; but the mail for that post closed before the common hours of business. The question is, whether the holder used ordinary diligence? It is not necessary to say that in all cases where there are several mails on the same day, the party may elect by which he will send. Clearly he comes to the mark, when he selects that post which leaves next after the hours of business commence for the day. This is the next practicable or convenient post. (Mead v. Engs, 5 Cowen, 307, per Sutherland, J.)
The mailing by the plaintiff at Troy was cl,early in season. It was, done the very day on which the plaintiff received notice, no matter whether before or after the post had departed for Lansingburgh. In this method of. charging endorsers and drawers, by consecutive notices from one party, to the next immediately preceding him, the former is never bound to forward notice on the very day upon *266 which he receives it; but may always wait till the next (Chit, on Bills, 515, 516, Am. ed. of 1839. Chit. jun. 62, a, .63, Am. ed. of 1834. Bayley on Bills, 264, Am. ed. of 1836. Bray v. Hadwen, 5 Maule & Selw. 68, 70, and cases there cited. Williams v. Smith, 2 Barn. & Ald. 496, 500. Geill v. Jeremy, 1 Mood. & Malk. 61.) (c) The motion for a new trial is therefore denied.
Rule accordingly.

 And see Church v. Barlow, (9 Pick. 547;) also, Colt et al. v. Noble, (5 Mass R. 167.)

 Eagle Bank v. Chapin, (3 Pick. 180.)

 See Eagle Bank v. Chapin, (3 Pick. 180.)